UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND; and its Trustees,<br><br>                Plaintiffs,<br><br>v.<br><br>E.M. SZCZEPKOWSKI & SONS, INC. d/b/a POLKA SAUSAGE & DELI,<br><br>                Defendant. | Civil Action No.<br>1:07-cv-04689<br><br>Judge Filip |

## MOTION FOR FINAL JUDGMENT BY DEFAULT

Plaintiffs move this Court, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, to enter Default Judgment in favor of the Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund and its Trustees (collectively "the Fund"), and against Defendant, E.M. Szczepkowski & Sons, Inc. d/b/a Polka Sausage & Deli, and respectfully request the Court:

    1.    Order Defendant, E.M. Szczepkowski & Sons, Inc. d/b/a Polka Sausage & Deli, to pay the Fund the minimum amount of $3,194.88, representing the following amounts:

        (a) Delinquent contributions in the amount of $1,200.00 for the period of August through October 2007;

        (b) Delinquent contributions in the amount of $200.00 for the payroll audit period of February 2005 through July 2006;

        (c) Interest in the amount of $65.51 through December 13, 2007;

1

(d) Liquidated damages in the amount of $280.00 on the delinquent contributions described in subparagraphs (a) and (b);

(e) Liquidated damages in the amount of $91.17 on late contributions for the months of January 2007 through July 2007;

(f) the Fund's attorneys' fees and costs in the amount of $1,358.20.

2. Order Defendant to pay the Fund any additional attorneys' fees and costs incurred in executing the judgment;

3. Order Defendant to pay the Fund any contributions that become delinquent during the course of this action;

4. Order Defendant to pay the Fund interest on the above judgment amounts at the rate permitted by 29 U.S.C. § 1961 from the date of judgment to the date paid;

5. Order Defendant to file complete and proper remittance reports for all periods which Defendant is obligated to do so under agreements by which it is bound;

6. Order Defendant to pay the Fund all monies that Defendant is obligated to pay under its collective bargaining agreement and the governing documents of the Fund;

7. Order Defendant to pay any additional amounts which Plaintiffs may discover is owed, with statutory relief and penalties as provided by ERISA, 29 U.S.C. Section 1132(g)(2); and

8. Order that the Order and Final Judgment by Default is without prejudice to any further claim Plaintiffs may have against Defendant.

In support of this Motion, Plaintiffs submit the attached Declarations of Mark W. Mead and Jeffrey S. Endick. A proposed Order and Final Judgment is attached.

Dated: 12-20-07    Respectfully submitted,

/s/    Sherrie E. Voyles
Sherrie E. Voyles, Esq. (Bar No. 06242386)
JACOBS, BURNS, ORLOVE, STANTON &
HERNANDEZ
122 South Michigan Ave., Suite 1720
Chicago, IL 60603
(312) 327-3444

Attorney for Plaintiffs

77855

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND; and its Trustees,<br><br>    Plaintiffs,<br><br>v.<br><br>E.M. SZCZEPKOWSKI & SONS, INC. d/b/a POLKA SAUSAGE & DELI,<br><br>    Defendant. | Civil Action No.<br>1:07-cv-04689<br><br>Judge Filip |

## DECLARATION OF MARK W. MEAD

I, Mark W. Mead, pursuant to 28 U.S.C. § 1746, declare:

1. I am over the age of 21 and am the Administrator of the United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund").

2. As administrator of the Fund, I am responsible for overseeing the administration of the Fund. My duties include, but are not limited to, the following: (1) the supervision of Fund staff responsible for processing and maintaining records of remittance reports and contributions and the collection of contributions; (2) the proper crediting of contributions received; (3) the monitoring of any delinquencies pursuant to the Fund's Delinquency Collection Procedure and, when necessary, appropriate referral to counsel for collection; (4) the execution of the rules and regulations of the Fund and administration of the Fund in conformity with the decisions of the Board of Trustees of the Fund; (5) the keeping of minutes of the Fund; and (6) the payment of benefits.

3. I am personally familiar with the Trustees' policy with respect to the collection of delinquent contributions. That policy, as set forth in Article VIII of the Fund's Agreement and Declaration of Trust ("Trust Agreement") and in the Delinquency Collection Procedure, requires employers to submit reports and contributions by the 20th of the month following the month in which the work was performed for which contributions are due. Employers who fail to remit payments in a timely manner may be liable for interest, liquidated damages of 20% of the delinquent amount, attorneys' fees and costs of collection.

4. Defendant, E.M. Szczepkowski & Sons, Inc. d/b/a Polka Sausage & Deli (the "Defendant"), is signatory to a collective bargaining agreement ("CBA") pursuant to which, the Defendant is obligated to make pension contributions to the Fund for each employee covered under the CBA. A copy of the relevant pages of the CBA is attached hereto as Exhibit A.

5. At the request of Fund Counsel, I have reviewed the Fund's records with respect to the Defendant.

6. When the Plaintiffs filed their Complaint, the Defendant had failed to remit contributions due to the Fund for Defendant's employees covered under the Defendant's CBA and the Fund's governing documents for the months of January through May 2007 as well as the payroll audit period of February 2005 through July 2006.

7. The Defendant paid the delinquent contributions for the months of January through May 2007, but has since become delinquent for August through October 2007

2

contributions. A chart identifying the contributions owed by Defendant for said months and the accrued interest and liquidated damages thereon, is attached hereto as Exhibit B.

8. Defendant is liable under the Fund's delinquency collection policy and the Employee Retirement Income Security Act of 1974, as amended, for delinquent contributions due for the months of August through October 2007 in the amount of $1,200.00; contributions in the amount of $200.00 for the payroll audit period of February 2005 through July 2006; interest accrued through December 13, 2007 in the amount of $65.51; liquidated damages on the delinquent contributions in the amount of $280.00; and liquidated damages in the amount of $91.17 on late contributions for the months of January 2007 through July 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 18th day of December 2007, at Chicago, Illinois.

Mark W. Mead, Administrator
United Food and Commercial Workers
International Union-Industry Pension Fund

77863

3

# EXHIBIT A

RECEIVED
JAN 3 1 2003
N. P. F.

# INDEPENDENT RETAIL MEAT CUTTERS CONTRACT

## LOCAL 1546 UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO & CLC

Term: August 29, 2002 to March 6, 2005

ARTICLES OF AGREEMENT governing Retail Meat Markets in Groups I, II, and III, entered into between

## INDEPENDENT RETAIL MEAT CUTTERS

as bargaining agent for all authorizing Employers, hereinafter called the "Employer" and

## LOCAL 1546, UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,

hereinafter sometimes referred to as the "Union," acting as the exclusive collective bargaining agent for all employees covered by this Agreement.

## ARTICLE I
## GENERAL

**Section 1.1 - Scope of Contract**

It is agreed that this Contract shall govern the hours, wages and other conditions of employment of Employer's meat department employees in Retail Meat Markets, within the geographical jurisdiction of Local 1546.

**Section 1.2 - Definitions**

(a) <u>Apprentices</u>. Apprentices may be full-time or part-time but a maximum one part-time Apprentice per store. An Apprentice is an employee who is in training to become a Journeyman Meat Cutter. Apprentices must be at least eighteen (18) years of age. The Employer agrees to rotate all Apprentices in his markets so as to give them sufficient, well rounded experience to qualify them as Journeymen at the end of the 84-month apprenticeship period.

A part-time Apprentice shall work a minimum of four (4) hours per scheduled day and sixteen (16) hours per week. Any part-time new entry Apprentice who works 40 hours a week for twelve (12) consecutive weeks would be considered full time. No restrictions on starting time will apply.

An Apprentice promoted to Head Meat Cutter shall be paid the current Head Meat Cutter rate of pay.

Section 7.14 - Termination of Participation

If for any reason, the Employer's participation in the Health and Welfare Fund fails to commence or, having commenced, is terminated, then the Employer shall pay the contributions herein required to a qualified health and welfare plan upon which the Employer and the Union shall agree, or, in the event the agreement is not reached, the disposition of such payment shall be determined in accordance with the grievance procedures contained in this Agreement.

## ARTICLE VIII
## PENSION

Section 8.1 - Pension Fund

By agreement with Employers, the International Union with which this Local Union is affiliated has established a Pension Fund designated as the United Food and Commercial Workers International Union-Industry Pension Fund (the "Pension Fund").

Section 8.2 - Employer's Contributions and Definitions of Eligible Employee

As used in this Article, an "Eligible Employee" is an employee:

(1)   Who is covered by this Contract;

(2)   Who has completed a "Qualification Period" as defined below;

(3)   Who has worked one-hundred (100) or more hours in a calendar month following the completion of their qualification period.

"Qualification Period" means a calendar month in which an employee has worked one-hundred twenty-eight (128) or more hours for his/her Employer. Hours worked during an employee's probationary period shall be counted toward completion of his/her Qualification Period. An Employee becomes eligible the first of the month following completion of 90 days of continuous service during which the employee worked a minimum of one hundred and twenty-eight (128) hours per month during each month of employment. Once qualified, the full-time contribution rate shall continue to be paid for each succeeding calendar month during which the employee works a minimum of one-hundred (100) hours.

An employee's hours must be reduced below 100 hours per month for three (3) consecutive months before an Employer is no longer required to pay Full-Time Pension contributions on such employee.

When an Eligible Employee's seniority has been terminated under this Agreement, that employee shall no longer be an eligible employee until he/she shall have completed another Qualification Period. If an employee has not lost seniority, only one hundred (100) hours are required.

For each employee who is covered by this Agreement, who has completed their probationary period and who is an "Eligible Employee", the Employer shall pay to the Pension

- 28 -

Fund the sum of $170.00 per month during each calendar month provided the "Eligible Employee" maintains their eligibility as defined herein.

Effective April 1, 1998, the Employer shall contribute $25.00 per month on behalf of "eligible part-time employees" to the United Food & Commercial Workers International Union-Industry Pension Fund. "Eligible part-time employee" shall be defined on the same basis as currently provided for part-time coverage in the Health & Welfare Fund.

The Employer shall contribute on behalf of said "Eligible Employees" on or before the tenth (10th) day of the month following the month in which the work determining the contribution was performed.

### Section 8.3 - Commencement of Contributions

The commencement of contributions to the Pension Fund is contingent upon acceptance of the employees covered hereunder in the Pension Fund. The Employer shall make contributions as provided in this Agreement upon receiving written notice of the Trustees' acceptance. Thereafter, this Agreement shall remain in effect during the terms set forth in Article XIII hereof and any extensions, renewals or modifications thereof and the terms hereof shall not be amended without the express written consent of the Trustees of the Pension Fund, the Local Union, and the Employer, provided, however, that nothing herein contained shall limit the right of the Trustees to terminate participation of the employees covered hereunder in the Pension Fund on account of the Employer's failure to make contributions or as otherwise provided in the Trust Agreement or Pension Plan, and, further provided, that nothing herein contained shall limit the right of the Employer and the Local Union to terminate participation in the Pension Fund, subject to the terms of the then existing Trust Agreement and Pension Plan.

### Section 8.4 - Termination of Contributions

Contributions to the Pension Fund shall be discontinued as of the first of the month following:

(a) Termination of employment.

(b) A lay-off or leave of absence of thirty (30) calendar days or more.

(c) The employee's ceasing to be an Eligible Employee, as set forth above.

### Section 8.5 - Total Hours Worked

For the purpose of determining the obligation to contribute to the Pension Fund, paid holidays, vacations and other absences for which wages are paid shall be considered to be time worked.

### Section 8.6 - Employer's Rights

The obligation to pay contributions to the Pension Fund shall in no way affect any rights to discharge an employee granted the Employer under this Agreement.

and the cost of other evidence shall be borne by the party on whose behalf witnesses are called or the evidence is introduced. Each party shall pay for the compensation and expenses of the Arbitrator appointed by it. The compensation and expenses of the third Arbitrator and all other costs incurred in conducting the arbitration proceedings shall be borne equally by the parties hereto.

## ARTICLE XII
## SEVERANCE PAY

**Section 12.1 - Severance Pay**

For Employers operating twenty-five (25) stores or less within the jurisdiction of Local Union 1546 as of July 25, 1982, advance notice of store closing or sale shall be given in lieu of severance pay. The Employer agrees to give its employees as much advance notice as possible and practical.

## ARTICLE XIII
## TERM

**Section 13.1 - Initial Term**

This Agreement shall become effective at 12:01 AM August 29, 2002, and shall expire at 12:00 midnight March 6, 2005.

**Section 13.2 - Renewal Term**

If either party wishes to modify this Agreement at its expiration, it shall serve notice in writing of such request upon the other party not less than sixty (60) days prior to the expiration date. In the absence of the service of such notice, this Contract shall automatically renew itself for a period of one year and from year to year thereafter.

**Section 13.3 - Retroactivity**

This Contract shall remain in full force and effect until a new agreement is negotiated, but not beyond an additional sixty (60) days beyond the Contract expiration date. Any increases in wages set out in Article III resulting from the negotiations following the Contract expiration date shall be retroactive to the date of expiration, but not exceeding ninety (90) calendar days, whichever period shall be shorter. There shall be no retroactivity with respect to other contract changes, such as changes in working hours or premium or overtime pay.

Executed this _____ day of _____, 2002.

| FOR INDEPENDENT RETAIL MEAT CUTTERS | FOR LOCAL 1546, UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO, CLC |

_____

_____
PRESIDENT

_____
DIRECTOR OF MEAT DIVISION

10405632.1

# EXHIBIT B

POLKA SAUSAGE / SZCZEPKOWSKI  
ER# 05118 / LOCAL 1546C

Prepared: 11/29/07  
By: Adriana Diaz

*INTEREST ASSESSED THROUGH DECEMBER 13, 2007.*

| CONTRIBUTION PERIOD | # OF EES | MONTHLY RATE | AMOUNT DUE | ESTIMATED INTEREST | TOTAL AMOUNT DUE |
|---|---|---|---|---|---|
| AUG 2007 | 2 | 200.00 | $ 400.00 | $ 8.76 | $ 408.76 |
| SEP 2007 | 2 | 200.00 | $ 400.00 | $ 5.39 | $ 405.39 |
| OCT 2007 | 2 | 200.00 | $ 400.00 | $ - | $ 400.00 |
| Sub Total: | | | $ 1,200.00 | $ 14.15 | $ 1,214.15 |
| 5 or Less Audit covering 2/05 - 7/06 (Emanuel Tzanidakis 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) | | | | | $ 200.00 |
| 5 or Less Audit Interest Assessed | | | | | $ 51.36 |
| June 2003 true overpayment | | | | | $ (5.00) |
| June 2006 true overpayment | | | | | $ (5.00) |
| January 2007 LD | | | | | $ 24.38 |
| February 2007 LD | | | | | $ 21.23 |
| March 2007 LD | | | | | $ 17.75 |
| April 2007 LD | | | | | $ 14.38 |
| May 2007 LD | | | | | $ 10.90 |
| June 2007 LD | | | | | $ 7.53 |
| July 2007 LD | | | | | $ 5.00 |
| **GRAND TOTAL AMOUNT:** | | | | | $ 1,556.68 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND; and its Trustees, </br></br> Plaintiffs, </br></br> v. </br></br> E.M. SZCZEPKOWSKI & SONS, INC. d/b/a POLKA SAUSAGE & DELI, </br></br> Defendant. | Civil Action No. </br> 1:07-cv-04689 </br></br> Judge Filip |
|---|---|

## DECLARATION OF JEFFREY S. ENDICK

I, Jeffrey S. Endick, pursuant to 28 U.S.C. § 1746, declare:

1. I am an attorney admitted to practice in the State of New York and the District of Columbia.

2. I received my J.D. degree in 1981 from Cornell University School of Law.

3. I am presently practicing law as a principal with the firm of Slevin & Hart, P.C. (the "Firm"). The Firm is engaged primarily in the practice of employee benefits law and related areas of law.

4. The Firm is co-counsel to the United Food and Commercial Workers International Union-Industry Pension Fund ("Fund"). The Firm is asked by the Trustees of the Fund to collect delinquent contributions owed to the Fund pursuant to agreements between locals affiliated with the United Food and Commercial Workers International Union and participating employers.

1

5. I have been assisted in this matter by Sherry Leung, a legal assistant with the Firm, and Mollie Sledd, a legal assistant formerly with the Firm, and Christopher Schulte, an associate with the Firm. The regular hourly rate charged by the Firm for my time for legal services provided to the Fund is $315.00. The regular hourly rate charged by the Firm for Mr. Schulte's time is $215.00. The regular hourly rate charged by the Firm for Ms. Sledd's and Ms. Leung's time is $125.00.

6. I have reviewed the time and billing records of Slevin & Hart, P.C. and those of Jacobs, Burns, Orlove, Stanton & Hernandez in connection with this proceeding and the attorneys' fees and costs incurred in this action are $1,358.20.

7. The Plaintiffs' claim against Defendant is for the minimum amount of $3,194.88, representing delinquent contributions, interest on delinquent contributions, liquidated damages, and attorneys' fees and costs as set forth above.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of December 2007, at Washington, D.C.

Jeffrey S. Endick, Esq.

77869

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND; and its Trustees, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | Civil Action No. 1:07-cv-04689 |
| v. | ) ) ) | Judge Filip |
| E.M. SZCZEPKOWSKI & SONS, INC. d/b/a POLKA SAUSAGE & DELI, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER AND FINAL JUDGMENT

Upon consideration of Plaintiffs' Motion for Final Judgment by Default, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and of the supporting affidavits and exhibits, and following due notice to Defendant, it is hereby:

ORDERED that the motion is granted and that final judgment be entered in favor of United Food and Commercial Workers International Union-Industry Pension Fund and its Trustees, Anthony M. Perrone, Patrick J. O'Neill, David S. Blitzstein, Brian A. Petronella, Roger Robinson, Kenneth R. Boyd, Walter B. Blake, William M. Vaughn, III, Stephen T. Brown, Robert J. Flacke, Richard A. Manka, and Richard D. Cox (collectively, the "Fund") as follows:

1. Judgment in the minimum amount of $3,194.88, representing at least $1,400 for delinquent contributions for the months of February 2005 through July 2006 and August 2007 through October 2007; $65.51 in interest for delinquent contributions for the months of February 2005 through July 2006 and August 2007 through October 2007 (calculated from the date contributions were due through December 13, 2007); liquidated damages in the amount of $371.17; and $1,358.20 for attorneys' fees and costs incurred by Plaintiffs from November 29, 2006 through November 28, 2007; provided, that Plaintiffs shall have the right to seek a

1

supplemental judgment for any and all amounts that become due during pendency of this case and any additional attorneys' fees or costs incurred in the collection of contributions owed for the periods set out in this Order.

2. Interest on the above judgment amounts at the rate permitted by 28 U.S.C. Section 1961 from the date of judgment to the date paid.

It is also hereby ORDERED that Defendant is hereby ordered to:

1. Submit contributions due and owing at the time of entry of this Order and Final Judgment, with interest, liquidated damages, and attorneys' fees and costs pursuant to the Employee Retirement Income Security Act, 29 U.S.C. Section 1001, et seq; and

2. Pay to the Fund all monies that Defendant is obligated to pay under its collective bargaining agreement, participation employer agreement and the governing documents of the Fund.

Since Plaintiffs have relied on information provided by Defendant or by third parties to determine the delinquency for the months of February 2005 through July 2006 and August 2007 through October 2007, Plaintiffs shall have the right to recover any additional unpaid principal which they may discover is owed for these months, with statutory relief and penalties as provided by ERISA, 29 U.S.C. Section 1132(g)(2).

_____
Judge Mark Filip
United States District Judge

77861